UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC,<br><br>Plaintiff,<br><br>vs.<br><br>SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL,<br><br>Defendants. | Case No.  2:23-cv-1239<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

## I.  INTRODUCTION

1.1   This lawsuit arises from the theft of trade secrets by former employees who used plaintiff's customer list (client list and contact information) to solicit at least fifty (50) persons to cease doing business with plaintiff and divert that demand to defendants' competing business.

1.2   Plaintiff brings its federal claim under the Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq*. ("DTSA") and supplemental state law claims under Washington's Uniform Trade Secrets Act, RCW 19.108.010 – 19.108.940 ("UTSA"), and the common law tort of intentional interference with a business relationship.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 1

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

II. **PARTIES**

2.1     Plaintiff Traverse Therapy Services, PLLC, is a professional limited liability company formed under the laws of Washington State. Plaintiff operates offices throughout the Western District of Washington and maintains a principal place of business in Kirkland, Washington.

2.2     At all relevant times plaintiff offered counseling and therapy in the mental health and interpersonal relationship fields.

2.3     At all relevant times the defendants resided and operated their principal places of business within the Western District of Washington. Defendants presently offer the same general services as the plaintiff, also in Washington State.

2.4     Defendant Haley Campbell ("Campbell") was employed by plaintiff as a therapist until she resigned in July 2023.

2.5     Defendant James Boulding-Bridges ("Bridges") was employed by plaintiff as a supervisory therapist until April 2023. He co-founded Sadler-Bridges Wellness Group, PLLC and is its CEO.

2.6     Defendant Sadler-Bridges Wellness Group, PLLC, ("SBWG"), is a professional limited liability company formed under the laws of the State of Washington. In addition to direct liability for its agents' activities described in this complaint, SBWG is vicariously liable as the natural defendants' future employer because it knowingly benefited from its employees' wrongful acquisition and use of plaintiff's trade secrets. Because the natural persons' wrongful acts described in this complaint were carried out with the intent and goal of benefitting SBWG, all defendants are jointly liable.

2.7     Plaintiff reserves the right to amend this complaint, consistent with the Federal Rules of Civil Procedure and leave-of-court requirements, to name additional

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 2

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

defendants who directed, caused, and participated in the unlawful conduct described in this company, or who wrongfully retain funds diverted from plaintiff through such conduct.

2.8     At all relevant times, Campbell and Bridges were acting for their own personal benefit and that of SBWG, and were acting within the scope of their authority for SBWG.  Even if actual express authority had not existed at any material time, SBWG ratified the conduct of Campbell and Bridges by accepting and retaining the benefits with knowledge of the improper means through which those benefits were obtained.

2.9     SBWG may, after the benefit of discovery, prove to be a mere alter ego of one or more natural persons due to the disregard of LLC formalities, co-mingling of entity and personal funds, and use of LLC assets for personal tasks.  As but one example of a failure to obey LLC formalities, SBWG appears to designate itself as its agent for service of process on the Washington Secretary of State's business record in violation of RCW 23.95.405 and 25.15.021.

### III.    JURISDICTION AND VENUE

3.1     This Court has jurisdiction over plaintiff's DTSA claims pursuant to 28 U.S.C. § 1331 by reason of 18 U.S.C. § 1836(c). Venue is proper in this judicial district as the facts and events giving rise to plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### IV.    FACTS

**A. Plaintiff's customer list constitutes a protectable trade secret.**

4.1     The trade secrets referenced in this suit are lists of plaintiff's present and past customers, called "clients" in the mental health profession, and the contact information for each client.  In other professions and industries these trade secrets would be referenced as

customer lists and leads.

4.2     Plaintiff's trade secrets, each category itself and the compilation of the two, bear independent economic value from their secrecy.  These trade secrets advantage the recipient because they reveal persons who are likely to, or presently do, purchase services which are sold by plaintiff and defendants.  Through its marketing and provision of services to the public plaintiff has distilled, from the public at large, a subset of persons of greater economic value.  If the trade secrets did not bear such value then the defendants would have used lawful means to obtain customers and lead information rather than taking the plaintiff's.  Furthermore, unlike persons shopping for vehicles or fine dining, persons seeking mental health or relationship counseling generally do not broadcast their interest publicly.

4.3     But for the defendants' employment duties at Traverse, the defendants would not have any method of learning this information. Defendants had first-hand knowledge of the economic value as they observed the type and volume of services purchased from the plaintiff.

**B.  Plaintiff took reasonable efforts to protect its trade secrets.**

4.4     Plaintiff's trade secrets are, and were at all relevant times, protected from unauthorized disclosure through password protection, locked physical files, and practices to restrict the information to those who possess a legitimate need to know.  The trade secrets are never publicly available.

4.5     Plaintiff also ensured that the defendants received explicit written instructions to protect the trade secrets, in advance of the misappropriation.

4.6     Bridges and Campbell both signed the following policy, which expressly forbade the defendants' actions underlying this lawsuit:  Among other conduct, it proscribed:

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 4

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

- Being employed (you or a close family member) by, or acting as a consultant to, a competitor or potential competitor;

- Serving as a board member for a competitor or potential competitor, supplier, or contractor;

- Owning or having a substantial interest in a competitor, supplier, or Contractor;

- Using proprietary and/or confidential information for personal gain or to the Company's detriment;

- Unauthorized use of Traverse Therapy Services resources for your personal benefit or for the benefit of any other person or the Company;

- Misusing privileged information or revealing confidential data to outsiders.

4.7     On October 25, 2021, defendant Bridges signed this policy with the attestation: "I have read and understand the above policy and agree to abide by its Guidelines."  On July 7, 2022, defendant Campbell signed the same promise to abide by the same policy.

4.8     Another policy forbade taking, removal, disclosure, and misappropriation of plaintiff's trade secrets. On September 22, 2021, Bridges signed this policy, promising to obey its limits.  On July 7, 2022, defendant Campbell signed her attestation of the same.

C. **Defendants misused their employment access to acquire the trade secrets.**

4.9     Defendants' sole means of accessing plaintiff's trade secrets was the access granted by plaintiff to conduct their duties.  The scope of defendants' permissible acquisition and use of this information encompassed viewing the client lists and contact information in plaintiff's files for the purposes of contacting clients to confirm appointments, documenting services provided to each client at Traverse, and planning each client's upcoming care at Traverse.

D. **Defendants wrongfully acquired and used plaintiff's trade secrets.**

4.10     On June 5, 2023, an employee of Traverse quit without notice.  On or about

June 7, 2023, defendant SBWG created a Facebook post welcoming this same person, Audria Jaggers, to its "tight knit" team. Plaintiff noticed an unusual drop in the number of clients who had scheduled further appointments, the identities of whom correlated to this departed employee.

4.11 On July 7, 2023, plaintiff sent a letter to defendants Bridges, SBWG, and non-party Jaggers, reminding the recipients that Washington's Uniform Trade Secrets Act restricts the use of an employer's trade secrets. The letter even provided the example of *Trost v. Aesthetic Lifetouch*, where a nurse and her subsequent employer were held liable for the nurse's theft and use of patient lists for solicitation. The letter specifically warned SBWG against using current Traverse employees to pilfer client lists. The July 7th letter is described to establish the Bridges and SBWG defendants' knowledge of the legal authorities protecting plaintiff's trade secrets and to demonstrate plaintiff's reasonable efforts to protect its trade secrets. The July 7th letter itself is not incorporated into this complaint. Defendant Campbell, like the other defendants, knew that plaintiff's trade secrets were protected due to the policies she acknowledged receiving, which are described above.

4.12 On or about July 21, 2023, defendant Campbell[1], while employed by plaintiff, used her access to plaintiff's trade secrets to unlawfully solicit approximately fifty (50) clients for her and her co-defendants' competing business.

4.13 Campbell's e-mail read as follows:

From: **Haley Devlin** <haleyd@traversetherapyservices.com>
Date: Fri, 21 Jul 2023 at 07:59
Subject: Important Information
To:   [Redacted by plaintiff for use in this complaint]

Dear Clients,

---

[1] Devlin is Campbell's maiden name.

COMPLAINT FOR DAMAGES AND  
INJUNCTIVE RELIEF p. 6

DAVIS GRIMM PAYNE & MARRA  
701 Fifth Avenue, Suite 3500  
Seattle, WA  98104  
(206) 447-0182

> I am pleased to announce that as of August 4th, 2023 I will be joining a new group practice. As result of this change, I will be moving to a Simple Practice platform and will be solely telehealth.
>
> I will be joining an outstanding group of clinicians. I will continue to care for my clients who wish to follow me to the new practice and assist any clients intending to find a new therapist. I will be in network with Aetna, Cigna, UHC Premera and Regence, insurance.
>
> If you would like to follow me to the new practice, please provide your contact information to the following email address: halev.nikid@gmail.com. If you have any questions, please do not hesitate to reach out via email. We can also discuss any questions or concerns you may have during our next scheduled session.
>
> Sincerely
> Haley Campbell, LMFTA
>
> **Haley Campbell, LMFTA**
> **She/Her**
> **Traverse Therapy Services**

4.14     This July 21st message was only one component of a larger unlawful scheme. Even viewed alone, it provides evidence of all defendants' specific intent to promote their competing business by harming plaintiff.

4.15     This message on its face revealed prior coordination with the subsequent employer SBWG and other defendants.  Upon information and belief, a therapist such as Campbell who possesses only an associate's license cannot bill insurance directly.  She must provide services under the supervision of a properly-credentialed therapist who is fully-licensed in order for most or all insurance plans to authorize payment to the supervising therapist.  Defendants' July 21, 2023 solicitation stated that Campbell would be joining a "new group practice" and would be in network with Aetna, UHC Premera, Cigna, and Regence.  In order for Campbell to send such a message on July 21, 2023, she would have necessarily conspired with Bridges and SBWG beforehand to determine

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 7

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

Case 2:23-cv-01239-MJP   Document 1   Filed 08/14/23   Page 8 of 16

insurance billing options for solicited clients.

4.16     It is also quite likely that Campbell received direct assistance from the other defendants in the choice of language for her July 21st message.  There is no reasonable chance that Bridges and SBWG lacked advance knowledge of Campbell's July 21st message.

4.17     On July 28th, defendant Bridges was given an opportunity to deny or explain whether it was his practice referenced in Campbell's July 21st email.   He refused to deny that it was.  He did confirm that his new company had hired Audria Jaggers, as disclosed in the SBWG Facebook post.

4.18     Based on the clear evidence of coordination above, including but not limited to the short two-day period between Audria Jaggers's abrupt resignation from Traverse and SDWG's public announcement of her acquisition, Campbell's evident coordination with a new employer before soliciting 50 persons using plaintiff's trade secrets, and Bridges' tacit admission that SBWG was Campbell's new employer, it is also extremely likely that other, presently unknown persons and acts of misappropriation, exist.  When plaintiff discovers the identity and role of these persons it will seek leave to amend this complaint.

4.19     Defendants' wrongful use continues, and has deprived the plaintiff of the future value of the trade secrets.  The defendants, working in the same field as plaintiff and providing the same services, even if they bore the utmost good faith, cannot be expected to compartmentalize their knowledge. Their decisions and disclosures were necessarily and inevitably tainted by information they are prohibited from using, particularly for those clients who were unlawfully solicited and transferred all of their business to defendants.

4.20     Defendants used the trade secrets to contact persons presently purchasing services from plaintiff and encouraged them to switch to defendants' competing business. Defendants, upon information and belief, did receive substantial business income from

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 8

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

clients who were unlawfully solicited as described in this complaint.

4.21 Defendants Bridges and the SBWG knew, at the time they received the trade secrets and the benefits from the trade secrets, that they had been obtained by Campbell and other persons in violation of duties these sources owed to plaintiff. In fact, Bridges, and potentially others, deliberately requested or encouraged Campbell and potentially others to obtain the trade secrets from plaintiff because there was no other source for the information.

**E. Defendants' violations were willful and malicious.**

4.22 In addition to personally acting in contravention of the policies described in section IV.B, above, defendants requested, enabled, encouraged, and directed the other defendants to act in violation of those same policies. Each defendant knew, or should have known, that the other defendants had promised to obey the same restrictions. Each defendant knew that they, and the other defendants, were under a duty to safeguard the plaintiff's trade secrets and use them only for permissible purposes.

4.23 Defendants acted with a conscious disregard for the plaintiff's rights, and with a deliberate goal of obtaining financial benefits for themselves by breaching statutory and other duties owed to the plaintiff. In addition to acting maliciously in willfully disregarding plaintiff's rights of which they were aware, defendants acted with ill will towards plaintiff and an intent to cause plaintiff financial harm.

4.24 Defendants also conducted their unlawful acquisition, disclosure, and use of the Plaintiff's trade secrets, in whole or in substantial part, after receiving the July 7th warning letter reminding them of statutory and common law restrictions. Having signed promises to protect plaintiff's trade secrets, received a written warning, and proceeded nonetheless, defendants have clearly exhibited willful, deliberate, and malicious violations of the DTSA and UTSA.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 9

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

4.25     Defendants have caused plaintiff thousands of dollars in actual financial loss. Defendants have also been unjustly enriched through their receipt of income directly caused by the theft of trade secrets.

4.26     A substantial number of the clients who received the July 21st solicitation did in fact cease doing business with plaintiff and have evidently transferred their business to defendants.  Many additional clients, and the consequent business income, have been wrongfully diverted from plaintiff to defendants through this solicitation and others which the discovery process will reveal.

### V.     CAUSES OF ACTION

#### FIRST CAUSE OF ACTION – VIOLATION OF THE DEFEND TRADE SECRETS ACT

5.1     Plaintiff repeats and re-alleges all prior paragraphs of this complaint and incorporates the same into this cause of action by reference.

5.2     Plaintiff's trade secrets are related to interstate commerce.  Some of the customers, or clients, whose information falls within the misappropriated trade secrets, paid plaintiff through interstate insurance plans. Some of plaintiff's clients travel from out-of-state into Washington State for plaintiff's services.  Many clients, including some of the fifty solicited in the July 21st email above, receive services via internet-based telehealth technology.

5.3     Defendants used both the directly and indirectly-misappropriated trade secrets in commerce.  As defendants' email quoted below indicates, the defendants used the internet to accomplish at least part of the misappropriation, and offered to use interstate insurance billing, which will entail electronic interstate processing.

5.4     Plaintiff's business income decreased, and defendants' business increased,

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 10

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

due to the wrongful conduct described above. Plaintiff seeks actual damages, disgorgement of defendants' unjust enrichment, injunctive relief, DTSA statutory royalties, exemplary damages, and attorney's fees.

### SECOND CAUSE OF ACTION – VIOLATION OF THE WASHINGTON UNIFORM TRADE SECRETS ACT

5.5 Plaintiff repeats and re-alleges all prior paragraphs of this complaint and incorporates the same into this cause of action by reference.

5.6 The Washington Uniform Trade Secrets Act prohibits the defendants' wrongful acquisition and use described above. Defendants were expressly warned of the applicability of this statute and decided to violate it, again, two weeks later. All defendants' violations were deliberate, malicious, and willful.

5.7 Plaintiff's business income decreased, and defendants' business increased, due to the wrongful conduct described above. Plaintiff seeks actual damages, disgorgement of defendants' unjust enrichment, injunctive relief, exemplary damages, and attorney's fees.

### THIRD CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY

5.8 This third cause of action is not based upon the existence of a trade secret. Plaintiff does incorporate the facts from paragraphs 2.1 through 2.5, 2.7 through 2.9, 4.10, 4.13, 4.14 through 4.17, and 4.26 into this third cause of action.

5.9 Plaintiff had a valid business expectancy of continued purchase of services from its clients. Very few clients procure only one or two sessions, as the nature of the service requires multiple visits extending into the future. Defendants also perceived that

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 11

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

these clients would purchase additional services in the future, and in fact directly asked the clients to do so from defendants' new competing business rather than continuing to do so from the plaintiff.

5.10     Defendants knew about this ongoing business relationship, because they personally delivered the plaintiff's services to the clients while employed by Traverse.

5.11     The defendants desired to cause the interference, and directly asked the clients to divert their business away from the plaintiff.

5.12     Bridges and Campbell both signed the following policy, which expressly forbade the defendants' actions underlying this lawsuit:  Among other conduct, it proscribed:

- Being employed (you or a close family member) by, or acting as a consultant to, a competitor or potential competitor;
- Serving as a board member for a competitor or potential competitor, supplier, or contractor;
- Owning or having a substantial interest in a competitor, supplier, or Contractor;
- Unauthorized use of Traverse Therapy Services resources for your personal benefit or for the benefit of any other person or the Company;

5.13     On October 25, 2021, defendant Bridges signed this policy with the attestation: "I have read and understand the above policy and agree to abide by its Guidelines."  On July 7, 2022, defendant Campbell signed the same promise to abide by the same policy.

5.14     The defendants, including Sadler-Bridges Wellness Group ("SBWG"), agreed to use improper means to accomplish this diversion.  Defendant Campbell, while a

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 12

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

Traverse employee, acted in direct contravention of her employer's interests by asking clients to switch to her competing business at SBWG. Defendants Bridges and SBWG used improper means to deliberately interfere with plaintiff's ongoing business relationships. These improper means consisted of requesting or encouraging current Traverse employees, such as Campbell, to divert Traverse clients to SBWG in violation of prior written promises to refrain from such conduct, and in violation of the common law duty of loyalty.

5.15    Defendants engaged in an unlawful civil conspiracy to steal Traverse's clients in violation of written promises to refrain from doing so, and in violation of the common law duty of loyalty to one's employer.

5.16    SBWG knew that its agents were using improper means to divert business from plaintiff to itself, and encouraged and authorized such conduct. SBWG, with knowledge of all material facts, retained the benefit of such conduct and continues to receive income from such conduct.

5.17    This intentional interference resulted in direct financial loss to the plaintiff and corresponding financial gain to the defendants. Plaintiff seeks damages and disgorgement of unjustly-obtained funds.

5.18    Plaintiff will timely file a motion for preliminary injunction under Federal Rule of Civil Procedure 65.

## VI.    REQUEST FOR RELIEF

Plaintiff requests relief against defendants as follows:

a. Preliminary and permanent injunctions enjoining defendants from further violations under 18 U.S.C. §§ 1835 and 1836(b)(3)(A);

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 13

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

b. In the alternative, if the Court determines that injunctive relief under 18 U.S.C. § 1836 (b)(3)(A)(i) and (ii) would be inequitable or ineffective, an order for payment of a royalty under 18 U.S.C. § 1836(b)(3)(A)(iii);

c. A declaration that the defendants violated plaintiff's rights under 18 U.S.C. § 1835 and RCW 19.108.030;

d. Preliminary and permanent injunctions enjoining defendants from further violations under 18 U.S.C. §§ 1835, 1836(b)(3)(A) and RCW 19.108.030;

e. Actual damages under 18 U.S.C. § 1836(b)(i)(I) and RCW 19.108.030;

f. Damages to disgorge defendants' unjust enrichment under 18 U.S.C. 1836 § (b)(3)(i)(II) and RCW 19.108.030;

g. A declaration that defendants' misappropriation was willful and malicious;

h. Exemplary double damages under 18 U.S.C. § 1836(b)(3)(C) and RCW 19.108.030(2) for willful and malicious misappropriation;

i. Reasonable attorney's fees under 18 U.S.C. § 1836(b)(3)(C) and RCW 19.108.140 for willful and malicious misappropriation;

j. Pre-judgment and post-judgment interest on any amounts awarded;

k. Not less than $250,000 for actual damages and additional remedies listed above;

l. Other declaratory and injunctive relief as the Court deems just and equitable; and;

m. The right to conform the pleadings to the evidence presented.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 14

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182

DATED this 14th day of August, 2023.

By: ___/s/ Daniel J. Spurgeon___
Daniel J. Spurgeon, WSBA No. 54700
DAVIS GRIMM PAYNE & MARRA
701 5th Avenue, Suite 3500
Seattle, Washington 98104-7055
Ph. (206) 447-0182 | Fax: (206) 622-9927
E-mail: dspurgeon@davisgrimmpayne.com

**Attorneys for Traverse Therapy Services**

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 15

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA  98104
(206) 447-0182

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2023, I electronically filed the above and foregoing *COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF* with the Clerk of Court using the CM/ECF system. I further certify that on the same date, I caused to be served a true and correct copy of the same upon the following individual(s) in the manner indicated below:

**Sadler-Bridges Wellness Group, PLLC**

[X] Via U.S. Mail
[X] Via Process Server
[ ] Via Electronic Service:
[ ] Via Federal Express (Overnight delivery)

**James Boulding-Bridges**

[X] Via U.S. Mail
[X] Via Process Server
[ ] Via Electronic Service:
[ ] Via Federal Express (Overnight delivery)

**Haley Campbell**

[X] Via U.S. Mail
[X] Via Process Server
[ ] Via Electronic Service:
[ ] Via Federal Express (Overnight delivery)

_____
Annalise R. Field
Paralegal to Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF p. 16

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 3500
Seattle, WA 98104
(206) 447-0182