UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL,<br><br>Defendants. | CASE NO. 2:23-cv-1239<br><br>ORDER DENYING MOTION TO STRIKE |

This matter comes before the Court on Plaintiff's Motion to Strike. (Dkt. No. 17.) Having reviewed the Motion, the Opposition (Dkt. No. 18), the Reply (Dkt. No. 19), and all other relevant material, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff brings this lawsuit alleging theft of trade secrets against Defendants, who are Plaintiff's former employees. (Mot. at 1.) In response, Defendants filed a motion to dismiss. (Dkt. No. 16.) In support of this motion Defendants filed the Declaration of Raquel Sadler. (Dkt.

No. 16-3.) Sadler is a co-founder and member of Defendant Sadler-Bridges Wellness Group PLLC. (Declaration of Raquel Sadler ¶ 1.) Prior to founding Sadler-Bridges Wellness Group, Sadler worked at Traverse Therapy Services for owner and CEO, Catherine Southard. (Id. at ¶¶ 2-3.) Plaintiff seeks to strike a paragraph from Sadler's declaration wherein she discusses Southard's behavior and Southard's self-admitted use of migraine medication. (Mot. at 1.) Plaintiff also seeks to strike another paragraph that discusses Sadler's concern over insurance fraud. (Id. at 3.) Defendants oppose both and argue the paragraphs are relevant to Defendants' defense. (Opp. at 2.)

## ANALYSIS

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." SidneyVinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike under Federal Rule 12(f) are disfavored and are infrequently granted. 5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 1998). "Requests to strike material contained in or attached to submission of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion." Local Civil Rules 7(g). Plaintiff contravenes Local Rule 7(g) and brings this as a separate motion to strike. Plaintiff asks the Court to consider this as a stand-alone motion because the material contained in Sadler's declaration discusses a non-party's private medical information. (Mot. at 2.)

|   |   |
|---|---|
| 1 | The Court is not convinced that the material Plaintiff wishes to strike contains redundant, |
| 2 | immaterial, impertinent or scandalous information. The information is not "private medical |
| 3 | information" because the information came to light due to admissions Southard made publicly. |
| 4 | And Sadler's statements regarding Southard's behavior and concerns of insurance fraud are |
| 5 | based on Sadler's own observations. The information is relevant to the Defendants' defense and |
| 6 | is therefore not redundant, immaterial or impertinent. The admitted use of migraine medication is |
| 7 | also not scandalous, nor does it reveal private medical information that would otherwise be |
| 8 | protected. Because Plaintiff has failed to demonstrate that the information meets Rule 12 |
| 9 | standards, the Court DENIES the Motion. |
| 10 | The clerk is ordered to provide copies of this order to all counsel. |
| 11 | Dated November 14, 2023. |

A
Marsha J. Pechman
United States Senior District Judge