UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL,<br><br>Defendant. | CASE NO. 23-cv-1239 MJP<br><br>ORDER GRANTING MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's Motion to Compel Initial Disclosures. (Dkt. No. 21.) Having reviewed the Motion, Defendants' Response (Dkt. No. 26), the Reply (Dkt. No. 35), and all other relevant material, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff seeks to compel initial disclosures from Defendants, arguing that Defendants' initial disclosures were meaningless and did not comply with Rule 26 of the Federal Rules of Civil Procedure. (Mot. at 4.) Plaintiff takes specific issue with Defendants' disclosure regarding

ORDER GRANTING MOTION TO COMPEL - 1

documents that Defendants may use to support their claims. (Id.) Defendants' initial disclosures regarding documents consisted of the following:

      a. Communications with Plaintiff;
      b. Communications with current or former employees of Plaintiff.

(Declaration of Daniel Spurgeon, Exhibit A at 4 (Dkt. No. 22-1).)

Plaintiff argues this disclosure is deficient under Rule 26, because it does not contain a location of the documents, a description, or the format in which the document exists. (Mot. at 4.) Plaintiff's counsel and Defendant's counsel met and conferred, and Defendant agreed to supplement the initial disclosures. (Mot. at 1; Spurgeon Decl. Ex. C (Dkt. No. 22-3).) Defendants then missed two proposed dates to supplement the disclosures. (Mot. at 1.) Plaintiff brings this Motion to compel the supplemental disclosures and asks for attorney's fees in bringing the Motion.

On November 17, 2023, two days before filing the Response brief, Defendants supplemented the initial disclosures, providing a location where the communications are believed to be stored and attaching certain written statements. (Reply at 2.) Defendants then filed their Response brief arguing the initial disclosures were not deficient, and even if they were the information has been formally supplemented so there is nothing to compel. (Response at 1-2.)

**ANALYSIS**

**A.**    **Initial Disclosures**

Under Rule 26(a)(1)(A)(ii), "a party must, without awaiting a discovery request, provide to the other parties . . . a copy -or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Such initial disclosures must be made "at or within 14 days

after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . ." Fed. R. Civ. P. 26(a)(1)(C). "

"A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). "A party is not excused from making its disclosures because it has not fully investigated the case . . ." Id. Additionally, "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ." Fed. R. Civ. P. 26(e)(1).

The Court agrees with Plaintiff that the initial disclosures were deficient. The two categories of documents did not contain a location as required under Rule 26(a)(1)(A)(ii). Defendants also supplemented the initial disclosures with various written statements not previously provided.

In its Reply brief, Plaintiff argues that the supplemental disclosures are similarly deficient because they do not contain information on the sender, receiver, e-mail addresses, phone number or topic of the documents. (Reply at 3.) The Court disagrees that the supplemental disclosures are similarly deficient. All Rule 26 requires is a description and location, which Defendants provided. Additional information and copies of the documents may be obtained through the discovery process.

**B.      Attorney's Fees**

If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Before such a motion is made, the moving party must "in good faith" confer or attempt to confer with the party that has failed to make the disclosure in an effort to avoid court involvement. Fed. R. Civ. P.

ORDER GRANTING MOTION TO COMPEL - 3

37(a)(1). If disclosure is provided after the motion was filed, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses, including attorney fees, unless the movant did not attempt in good faith to obtain the disclosure without court action, the conduct was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

      Plaintiff is entitled to attorney's fees. Plaintiff's counsel attempted to confer with Defendants in good faith prior to filing this Motion. (Spurgeon Decl. Ex. B (Dkt. No. 22-2).) Supplemental disclosure was made after the Motion was filed, and Defendants do not even attempt to explain why they missed the two deadlines to provide the supplemental disclosures. Instead, Defendant forced Plaintiff to file a motion to compel, waits two days before the response brief deadline to supplement the disclosures, and then argues to the Court that there is nothing to compel. The Court finds this behavior is in direct violation of Rules 26 and 37.

      Plaintiff seeks sanctions in the amount of $4,100 in attorney's fees. (Spurgeon Decl. ¶ 4.) Plaintiff's attorney declares that his billing rate is $410 per hour, which is reasonable as an attorney practicing for fourteen (14) years. (Id. at ¶¶ 4-5.) Plaintiff's attorney also declares that while he spent more than ten hours researching and drafting the meet-and-confer letter, participating in telephone conferences, writing emails and drafting the briefs for this Motion, he is only charging for ten hours of work. (Id. at ¶.) The Court finds that $4,100 in attorney's fees described in Spurgeon's declaration is reasonable and order Defendants to pay Plaintiff $4,100 for the instant motion to compel and request for sanctions.

//

//

//

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated December 12, 2023.

*(signature)*

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING MOTION TO COMPEL - 5