UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL,<br><br>Defendants. | CASE NO. C23-1239 MJP<br><br>ORDER GRANTING MOTIONS TO STRIKE |

This matter comes before the Court on Plaintiff's Motions to Strike Defendants' Motion for Summary Judgment and a late-filed declaration. (Dkt. Nos. 56 & 61.) Having reviewed the Motions, Defendant's Oppositions (Dkt. Nos. 57, 62), the Reply (Dkt. No. 59), and all supporting materials, the Court GRANTS both Motions and STRIKES Defendants' Motion for Summary Judgment and supporting declarations.

In its October 12, 2023 Scheduling Order, the Court set a February 5, 2024 deadline for the filing of dispositive motions. (Dkt. No. 14.) After Plaintiff filed its Motion for Summary

ORDER GRANTING MOTIONS TO STRIKE - 1

1  Judgment on February 5, 2024, Defendants filed their Motion for Summary Judgment on
2  February 8, 2024, three days late. (Dkt. No. 51.) Defendants also filed counsel's declaration in
3  support of the Motion fourteen days after the filing deadline. Plaintiff asks the Court to enforce
4  the Scheduling Order and strike the late-filed Motion for Summary Judgment and declaration.
5  (Dkt. No. 56.)

6        Counsel for Defendants provides limited grounds to accept the late-filed materials.
7  Counsel states that he did not commence to work on the Motion for Summary Judgment until
8  after February 1, 2024, when the Court denied Defendants' Motion to Dismiss that noted on
9  November 24, 2023. (Declaration of Howard Morrill ¶ 4; Dkt. Nos. 16, 45.) He avers that he
10 "would not typically, if ever, spend . . . a client's resources on a dispositive motion while they
11 had a dispositive motion already pending." (Morrill Decl. ¶ 3.) But when he received the Court's
12 Order on February 1, 2024, he "almost immediately began work on the Defendant's Summary
13 Judgment Motion now on file" which took "12+ hour days." (Id. ¶ 4.) Counsel does not state
14 precisely when he started work on the motion, and how much time he put in each day after
15 February 1, 2024. Counsel also admits that he "fail[ed] to see and realize that the deadline for
16 filing the current motion was not the typical Thursday four Fridays before [sic]." (Id.) Counsel
17 claims that had he realized the deadline was February 5, he "might have managed to file some
18 undoubtedly inferior effort by February 5, 2024, while sleeping almost not at all." (Id.) And
19 despite having failed to file a motion asking the Court to accept the late-filed motion, counsel
20 asks the Court to grant relief from the deadline "[u]nder the circumstances and timing of events."
21 (Id.) As to the late-filed declaration, Defendants' counsel admits "to his considerable shock" that
22 he failed to file his own declaration, and provides no specific reason for the oversight. (Dkt. No.
23 62.)
24

ORDER GRANTING MOTIONS TO STRIKE - 2

1  Based on the record before it, the Court GRANTS the Motion to Strike. Defendants' counsel fails to provide any valid reason why the Court should accept the late-filed Motion and declaration. Counsel appears not to have paid any attention to the Court's Scheduling Order, which quite clearly stated that dispositive motions were due by February 5, 2024. Counsel's explanation for his failure to comply with the Scheduling Order evidences no diligence or some plausible, excusable neglect. Rather, it appears that counsel had some notion about a "typical" schedule, but he does not explain why he failed to consult the <u>actual</u> schedule in this case. (See Morrill Decl. ¶ 4.) No excuse has been provided and there is no evidence of diligence. The Court is aware that counsel did not wish to incur fees by working on a motion for summary judgment while Defendants' Motion to Dismiss was pending. That might have supported a request for an extension of the deadline had counsel been diligent and proactively requested the Court for an extension while the Motion to Dismiss was pending. But counsel essentially admits he was unaware of the summary judgment deadline and failed to seek any extension of the deadline to accommodate his desire to avoid work on a summary judgment motion while the Motion to Dismiss was pending. In addition, counsel failed to ask for relief from the dispositive motion deadline when he filed the late Motion for Summary Judgment—leaving the request buried in a declaration in opposition to Plaintiff's Motion to Strike. The Court finds no evidence of diligence or excusable neglect. The Court therefore rejects the untimely and untenable request to accept the late-filed Motion for Summary Judgment and declaration. This record shows no diligence or excusable neglect. The Court GRANTS the Motions to Strike and STRIKES Defendants' Motion for Summary Judgment and all supporting declarations, all of which were untimely filed.

\\

\\

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated February 26, 2024.

                                                              Marsha J. Pechman
                                                              United States Senior District Judge