UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL,<br><br>Defendants. | CASE NO. C23-1239 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's Motion to Compel. (Dkt. No. 41.) Having reviewed the Motion, Defendants' late-filed declaration of counsel (Dkt. No. 44), the Reply (Dkt. No. 43), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff seeks an order compelling the production of various discovery it has sought from Defendants that it claims have not been produced. Plaintiffs also move for sanctions for the

purported destruction of messages on Slack and Simple Practice, telephone text messages, and certain emails. Plaintiff also asks for $4,510 in bringing the motion.

Defendants failed to provide a timely response to the Motion. Instead, Defendants filed a declaration from counsel after the deadline to oppose the Motion. The Court has not considered Defendants' late-filed declaration, and it declines to grant Plaintiff's Motion merely because the opposition was late and not filed as a brief. Instead, the Court considers the merits of the Motion, as explained below.

## ANALYSIS

**A.     Motion to Compel**

The Local Civil Rules state that "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." Local Civil Rule 37(a)(1). "The certification must list the date, manner, and participants to the conference." Id. And "[i]f the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." Id. The Rules define "meet and confer" to "mean[] a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." Local Civil Rule 1(c)(6).

Plaintiff has failed to provide evidence that they undertook sufficient efforts to meet and confer by telephone or in person prior to moving to compel. First, there is no certification of the meet and confer process, as required by the Local Civil Rules. Second, the purported evidence of the meet and confer process leaves many questions unanswered about whether there was a good faith effort to meet and confer, the dates of the meetings, and whether there was a need to

involve the Court. (See Mot. at 3 (citing Exs. J through L to the Declaration of Daniel Spurgeon as "proof of a bona fide meet-and-confer effort".) The Court therefore DENIES without prejudice the Motion to Compel.

**B.      Motion for Sanctions**

Plaintiff asks for an order finding that Defendants intentionally spoliated evidence and that Plaintiff has been prejudiced by this spoliation. Specifically, Plaintiff asserts that Defendants spoliated: (1) Katie Musso's e-mails while she was employed at Traverse; (2) Raquel Sadler's text message; (3) Sadler-Bridges Wellness Group's ("SBWG") messages on Slack; and (4) SBWG's messages on the Simple Practice platform. (Mot. at 9-10.)  The Court DENIES the Motion for Sanctions.

Spoliation "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citing West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)); see also Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). "A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993). "A party seeking an adverse inference instruction (or other sanctions) based on the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the evidence was relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Apple

Inc. v. Samsung Elecs. Co., 881 F. Supp. 2d 1132, 1138 (N.D. Cal. 2012) (citation and quotation omitted).

Plaintiff has failed to demonstrate spoliation of any of the four categories of evidence cited in the Motion.

First, Plaintiff fails to provide clear evidence that Musso spoliated any evidence. Plaintiff claims that Musso deleted emails from her Traverse email account and that this should be held against Defendants. But the testimony Plaintiff cites in support is equivocating on whether Musso purposely deleted any emails relevant to the case. Musso testified that she kept some emails from her Traverse email account, including those identifying her as an exemplary employee, and some discussing her concerns about Traverse, but that she deleted any client communications in order to comply with HIPAA. (Musso Dep. at 5-8.) Plaintiff quibbles with Musso's belief about HIPAA requiring deletion, but provides no authority to support a finding that Musso's belief is incorrect. Nor has Plaintiff provided any evidence that the deleted emails are relevant to the claims or that the deletion was done with a culpable state of mind. There is therefore insufficient evidence in the record to support a finding of spoliation as to Musso's emails.

Second, Plaintiff argues without adequate support that "Sadler deleted her text messages with Haley Campbell and others" despite being on notice of her duty to preserve discovery. (Mot. at 10.) Plaintiff contends that Sadler deleted text messages by using an auto-delete feature that "she changed herself on her phone within the last month." (Mot. at 10.) But Sadler instead testified that "I actually just found out my phone is set up to delete my messages automatically after a certain period of time, and I just turned that feature off." (Sadler Dep. at 84.) There is no evidence that Sadler used the auto-delete feature to knowingly delete text messages. Indeed,

1  when counsel asked Sadler, "[d]o you know when the phone auto-deleted the messages," Sadler
2  testified unequivocally "No." (Sadler Dep. at 85.) The evidence on which Plaintiff relies suggests
3  Sadler preserved evidence once she became aware that her phone had an auto-delete feature
4  enabled. Plaintiff fails to support its position that Sadler has spoliated any text message evidence
5  because there is no evidence that the failure to retain the messages was willful or done with a
6  culpable state of mind.

7       Third, Plaintiff argues without support that SWBG failed to preserve messages on its
8  Slack message channel related to its efforts to recruit Traverse therapists. (Mot. at 10.) The
9  deposition testimony from James Boulding-Bridges on which Plaintiff relies does not support a
10 finding of spoliation. Boulding-Bridges testified that "Slack was a tool we paid for . . . [but] no
11 one used it, and it was kind of expensive, so we got rid of it." (Boulding-Bridges Dep. at 102.)
12 Boulding-Bridges testified that SWBG canceled the service at some point when "we weren't in a
13 lawsuit" and "[t]here was no reason to preserve it." (Id.) He explained that there was no
14 spoliation because "there was nothing to preserve." (Id.) Nor does the testimony that plaintiff
15 cites from Sadler support the argument. Sadler testified that "we didn't use it, so we didn't feel
16 like it was worth the cost." (Sadler Dep. at 70.) Plaintiff fails to point to any evidence that
17 Defendants used Slack after the lawsuit was filed and the document preservation letter was sent.
18 The only testimony regarding a date (July 26th) lacks a year and is entirely ambivalent. (See
19 Boulding-Bridges Dep. at 102.) There is a failure of proof as to the spoliation of Slack messages
20 given the absence of evidence that any communications were relevant or that the failure to save
21 messages was done willfully or in contravention of Defendants' duty to preserve evidence.

22       Lastly, Plaintiff argues without adequate support that Defendants knowingly deleted
23 messages on a platform called Simple Practice. (Mot. at 10.) Plaintiff relies exclusively on
24

1  Sadler's testimony to prove this point. (Id.) But Sadler's testimony does not show Defendants
2  deleted any messages. Rather, Sadler testified that the "chat is not a feature that is used a lot in –
3  at least that we use when having communication" (Sadler Dep. at 101), and that messages are not
4  saved because the program is "HIPAA compliant, and . . . once the session is over, the link is
5  done" and the chat is not saved (Sadler Dep. at 100). Sadler also professed no knowledge as to
6  whether this feature could be disabled to allow messages to be saved, and Plaintiff provides no
7  evidence it could be. (Id. at 100.) This is no evidence that Defendants spoliated evidence, given
8  that any lost chat messages have not been shown to be relevant and there is no evidence of
9  willful destruction.

10  Given the lack of evidence of spoliation, the Court DENIES the Motion's request for
11  sanctions.

12  **C.     Attorneys' Fees**

13  Given Plaintiff's failure to convince the Court that it is entitled to any of the relief sought,
14  the Court DENIES Plaintiff's request for attorneys' fees.

15  **CONCLUSION**

16  Plaintiff has failed to provide sufficient grounds to grant its Motion to Compel. First,
17  Plaintiff has not provided an adequate certification that it met and conferred prior to bringing its
18  request to compel further production of discovery, and the record fails to demonstrate an
19  adequate meet and confer occurred. Second, Plaintiff fails to provide sufficient evidence of
20  spoliation to sustain its request for sanctions. The Court therefore DENIES the Motion and
21  rejects the request for fees. The denial is WITHOUT PREJUDICE to Plaintiff bringing a further
22  motion to compel after it satisfies the meet and confer process requirement. Plaintiff must also
23  use the "Expedited Joint Motion Procedure" set forth in Local Civil Rule 37(a)(2). But no further
24

1 motion for sanctions may be filed as to the evidence Plaintiff argues in this Motion has been
2 spoliated.
3       The clerk is ordered to provide copies of this order to all counsel.
4       Dated March 1, 2024.

6       Marsha J. Pechman
        United States Senior District Judge