UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL,<br><br>Defendant. | CASE NO. C23-1239 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's renewed Motion to Compel. (Dkt. No. 83.) The Motion was filed as a joint motion for discovery pursuant to Local Rule 37, and the Court's previous Order Denying Plaintiff's Motion to Compel. (Dkt. No. 72.) Having reviewed the joint Motion, and the supporting materials, the Court DENIES Plaintiff's discovery requests.

**BACKGROUND**

Plaintiff seeks an order compelling discovery responses from Defendants as well as sanctions. (Mot. at 3-4.) Plaintiff claims Defendant has failed to respond to its Request for

Productions numbers 1 and 3, and has refused to provide consent to Google to release Defendants' previously held email accounts from when they worked for Plaintiff. The Court addresses each of these arguments in turn.

## ANALYSIS

**A.  Request for Production No. 1.**

Plaintiff's Request for Production Number 1 requests "all documents identified in your response to Plaintiff's interrogatory number 1. (Declaration of Daniel Spurgeon Ex. T at 6 (Dkt. No. 85).) Plaintiff's interrogatory number 1 asks Defendants:

> For each patient, or counseling/therapy client, who was a client of Plaintiff at any time and subsequently obtained any services from any named defendant or defendant's employee or defendant's contractor; state:
> a.  The therapy client's name;
> b.  The dates of service that any named Defendant provided any services to that client;
> c.  The amount of funds that the relevant Defendant has received for providing services to that therapy client;
> d.  All methods of communication used by all named Defendants and their affiliated persons to notify that therapy client of Defendant's willingness or availability to provide services to that therapy client;
> e.  The specific e-mail address, telephone number or website used for each communication described in (d) above.

(Spurgeon Decl. Ex. S at 7.)

Apparently, Defendant failed to turn over production for 1.a and 1.b for one of Plaintiff's former employees who went to work for Defendants. (Mot. at 15.) Prior to the parties filing this joint submission, Defendant turned over the production. As such this issue is moot.

### B. Request for Production No. 3

Plaintiff's Request for Production number 3 asks for: "all correspondence between any Defendant, including SBWG's agents, members, owners, and representatives, and any person who was at any time a Traverse Therapy Services client, which in any way encouraged, advertised, notified, or invited a client of any Defendant's availability to provide therapy services outside of Plaintiff's organization." (Spurgeon Decl. Ex. T at 6.)

Plaintiff asserts Defendants Sadler-Bridges Wellness Group and James Boulding-Bridges never produced responsive documents. (Mot. at. 9.) But Plaintiff's contention is not supported by the deposition testimony it cites to for support. For instance, Plaintiff claims Boulding-Bridges never asked Sadler-Bridges Wellness Group employees for responsive documents and cites to his deposition testimony in support. The deposition testimony, however, clearly states that "[t]here was an email sent to everyone who works for us about this category, asking them to [look for documents]." (Mot. at 10.) Boulding-Bridges then went on to say that he was not sure if anyone found anything responsive, but anything that was found was sent to Defendants attorney. (Id.) Boulding-Bridges testimony here belies Plaintiff's argument. Plaintiff then argues that Sadler-Bridges other owner, Raquel Sadler, testified that they produced responsive emails. (Id. at 11.) But again, the deposition testimony cited to in support fails to support Plaintiff's position. Rather, the deposition testimony demonstrates Sadler testifying that emails are located on Plaintiff's server, and she does not have access to that account. (Spurgeon Decl. Ex. G, Deposition Testimony of Raquel Sadler at 30:3-9.) The rest of the testimony Plaintiff cites to is transcript of the parties' attorneys discussing an exhibit. (Id. Sadler Dep. at 30:10-31:3.) Plaintiff fails to cite to any support for its assertion that a search was never conducted, and that responsive documents were found and never turned over.

1  Plaintiff next argues that Defendants' declarations and exhibits filed in response to its

2  motion for partial summary judgment demonstrate that Defendants had responsive documents

3  that they failed to turn over and are now using to support their case. (Mot. at 11.) But these

4  documents are of text exchanges and zoom meeting pages between Defendants and their patients,

5  which discuss scheduling sessions. As Defendants point out, Plaintiff did not ask for all

6  communications between Defendants and their patients; rather, correspondence between

7  Defendants and patients, the content of which "encouraged, advertised, notified, or invited a

8  client of any Defendant's availability to provide therapy services outside of Plaintiff's

9  organization." (Mot. at 9.) These communications are not responsive to that request.

10  Plaintiff fails to demonstrate that Defendants have withheld responsive documents to its

11  Request for Production Number 3. The Court DENIES Plaintiff's Motion to Compel production

12  for this request.

**C.    Defendants' Refusal to Consent to Google Releasing Traverse's Emails**

Plaintiff's last category of discovery pertains to Defendants refusal to consent to Google releasing Traverse's emails. (Mot. at 16.) Plaintiff alleges the emails contained in Defendants prior Traverse email account are responsive to its Request for Production number 3.

The Court is unconvinced of Plaintiff's need for Defendants' consent here. It appears Plaintiff is asking Defendants to provide consent for Google to turn over emails from their Traverse email accounts, which are owned by Traverse. Plaintiff does not state with particularity why Defendants consent is needed, or even what Google's role in this is. None of Plaintiff's declarations or exhibits illustrate why Google is refusing to turn over the email accounts or why Traverse cannot access them in the first place. Nor is consent required for Traverse to simply

issue a subpoena to Google. Because Plaintiff has failed to meet its burden to adequately explain the issue here, the Court DENIES Plaintiff's Motion to Compel as to this request.

## CONCLUSION

Having reviewed the parties' brief and Plaintiff's request, the Court finds Plaintiff failed to demonstrate that responsive records were not turned over and Plaintiff failed to explain why consent is needed to access its own emails. And because Plaintiff has failed to demonstrate wrongdoing on behalf of Defendants, sanctions are not warranted. The Court DENIES the Motion to Compel.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 3, 2024.

Marsha J. Pechman
United States Senior District Judge