UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL,<br><br>Defendants. | CASE NO. C23-1239 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR FRCP 54(b) CERTIFICATION AND STAY OF PROCEEDINGS |

This matter comes before the Court on Plaintiff's Motion for FRCP 54(b) Certification and Stay of Proceedings. (Dkt. No. 87.) Having reviewed the Motion, Defendants' Response (Dkt. No. 88), the Reply (Dkt. No. 90), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff Traverse Therapy Services is a company that offers counseling and therapy services in the mental health and interpersonal relationship fields. (Compl. ¶ 2.1.) Plaintiff

alleged that when prior employees left Traverse to go work for a competing mental health company, they stole trade secrets in the form of patient lists. Traverse brought this action against Defendants bringing claims under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832 et seq., and the Washington Uniform Trade Secrets Act ("UTSA"), and Intentional Interference with Business Expectancy. (Compl. ¶¶ 5.1-5.18.)

Plaintiff moved for partial summary judgment on its DTSA and UTSA claims, but not the Intentional Interference with Business Expectancy. The Court denied Plaintiff's motion and sua sponte dismissed Plaintiff's DTSA and UTSA claims because it found Plaintiff put forth no evidence to suggest the patient list was a trade secret. (Dkt. No. 86.) Plaintiff now asks the Court to enter judgment on the DTSA and UTSA claims so it may immediately appeal the Court's decisions as to those claims and then stay the case pending the appeal.

## ANALYSIS

**A.  Fed. R. Civ. P. 54(b)**

Federal Rule of Civil Procedure 54(b) permits entry of judgment on less than all of the claims in a case before all claims have been resolved if there is "no just reason for delay." Wood v. GCC Bend, LLC, 422 F.3d 873, 877 (9th Cir. 2005) (quoting Fed. R. Civ. P. 54(b)). District courts undertake a two-step process when applying Rule 54(b). Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). First, a district court must "determine that it is dealing with a 'final judgment.'" Id. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (internal quotation and citation omitted).

Second, the Court must determine whether there is any just reason for delay. <u>Wood</u>, 422 F.3d at 878. "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." <u>Curtis-Wright</u>, 466 U.S. at 8. "This discretion is to be exercised in the interest of sound judicial administration." <u>Id.</u> (internal quotation and citation omitted). The Ninth Circuit embraces a "pragmatic approach focusing on severability and efficient judicial administration." <u>Wood</u>, 422 F.3d at 880. This approach includes the "effort to streamline litigation by narrowing the issues for trial, [thus] efficiently separate[ing] the legal from the factual questions." <u>Texaco, Inc. v. Ponsoldt</u>, 939 F.2d 794, 798 (9th Cir. 1991). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, "for consideration of judicial administrative interests is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." <u>Curtis-Wright</u>, 466 U.S. at 8.

In this case, there is no dispute about whether the Court's grant of summary is a "final judgment" that satisfies the requirements under Rule 54(b). Accordingly, the Motion turns on the second step.

Plaintiff argues it would be wasteful to try the case on only the third cause of action, pursue an appeal on the other two causes of action, and if successful, return for a second trial. (Mot. at 3.) But it is common for causes of action to be dismissed at the summary judgment stage and for the remaining causes of action to proceed to trial. It runs counter to judicial efficiency to stay every case after the dismissal of a cause of action and send cases up piece meal to the Ninth Circuit. Just because Plaintiff is unhappy with the outcome of its summary judgment motion does not create grounds for it to immediately appeal the dismissal of its claims. The Court DENIES the Motion to enter judgment under Fed. R. Civ. P. 54(b).

B.    **28 U.S.C. § 1292**

Plaintiff argues that as an alternative 28 U.S.C. § 1292 provides an independent basis for the Court to authorize an appeal. The Court disagrees.

28 U.S.C. § 1292(b) grants the district court discretion certify an order for interlocutory appeal. An interlocutory appeal may be appropriate if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). Interlocutory appeals are approved of only in "rare circumstances" because they are "a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1070 n.6 (9th Cir. 2002). And section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of legal questions, which if decided in favor of the appellant, would end the lawsuit. United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959).

Here, Plaintiff contends that "differences of opinions exist" and points to the parties' differences of opinions and two cases cited in the briefs on the motion for summary judgment, one of which is unpublished. (Mot. at 5-6.) Both cases were addressed by the Court in its Order Denying the Motion for Summary Judgment. It is part and parcel of the legal field to use cases to argue parallels or distinctions in order to persuade a court to rule one way or another. Differences of opinions always exist; they do not create the "rare circumstances" that are required here. The Court is unpersuaded by Plaintiff's argument and DENIES its request to grant an interlocutory appeal under 28 U.S.C. § 1292.

\\
\\
\\
\\

The clerk is ordered to provide copies of this order to all counsel.

Dated May 6, 2024.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR FRCP 54(B) CERTIFICATION AND STAY OF PROCEEDINGS - 5