UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES, PLLC, | CASE NO. C23-1239 MJP |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM DEADLINE AND MOTION FOR RECONSIDERATION |
| v. | |
| SADLER-BRIDGES WELLNESS GROUP, PLLC, JAMES BOULDING-BRIDGES, HALEY CAMPBELL, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Relief from Deadline (Dkt. No. 94) and Motion for Reconsideration (Dkt. No. 95). Having reviewed the Motions, Defendants' Oppositions (Dkt. Nos. 99, 101), and all supporting materials, the Court DENIES the Motion for Relief from Deadline and DENIES the Motion for Reconsideration.

A.    **Motion for Relief from Deadline**

Plaintiff's Motion for Reconsideration seeks to challenge the Court's Order granting summary judgment in Defendants' favor on Plaintiff's trade secret claims (Dkt. No. 86), as well

as the Court's Order denying Plaintiff's Motion to Compel (Dkt. No. 91). The Court issued the summary judgment Order on April 19, 2024, and it issued the Order on the Motion to Compel on May 3, 2023. Plaintiff filed the Motion for Reconsideration on May 7, 2024. Plaintiff acknowledges that its request for reconsideration of the summary judgment Order is untimely— Plaintiff waited four days too long to challenge the Order. See Local Civil Rule 7(h) (requiring motions for reconsideration to be filed within fourteen days of the challenged order); Pl. Mot. for Relief at 1. Plaintiff's counsel claims that on May 2, 2024 he became aware of an EEOC charge that one of the owners of Defendant Sadler-Bridges Wellness Group, PLLC filed against Plaintiff on April 19, 2024. (Pl. Mot. for Relief at 2; Declaration of Daniel Spurgeon ¶ 2 (Dkt. No. 96).) Plaintiff also claims that it learned of certain emails relevant to its claims decided on summary judgment only after it filed its summary judgment reply brief. (Pl. Mot. for Relief at 2.) However, counsel's declaration does not state when he received the emails. (Spurgeon Decl. ¶ 2.)

Plaintiff has failed to demonstrate good cause to allow it to file a late motion for reconsideration of the summary judgment order. The only evidence that Plaintiff claims was unavailable to it was received by counsel on May 2, 2024. Counsel fails to explain why he did not promptly file a motion for reconsideration within the fourteen day window, which did not expire until the following day. Nor does counsel explain when his client received a copy of the April 19, 2024 EEOC charge. Plaintiff has not provided sufficient explanation of why it waited so long to move for reconsideration. And to the extent that Plaintiff invokes the receipt of certain emails as a reason for reconsideration, it has failed to provide any indication of when the emails were received. At most, Plaintiffs state without support in the Motion that "the existence of [these emails] . . . was revealed after the reply brief." (Mot. at 2.) This unsupported statement does not show diligence or good cause to allow the late-filed motion. Accordingly, the Court

DENIES the Motion for Relief from Deadline and finds the Motion for Reconsideration of the Court's Order on summary judgment to be untimely. The Court clarifies that the Motion for Reconsideration is otherwise timely filed as to the Motion to Compel.

**B.     Motion for Reconsideration**

Plaintiff seeks reconsideration of the Court's denial of its Motion to Compel and the Court's summary judgment Order. As the Court explained above, the Motion for Reconsideration of the summary judgment Order is untimely and on this basis the Court DENIES the Motion in part. But for the sake of completeness, the Court also considers the substance of the Motion for Reconsideration, and finds that it lacks merit. The Court therefore DENIES the Motion in full.

**1.     Standard**

"Motions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

**2.     Reconsideration of Motion to Compel**

As to its Motion to Compel, Plaintiff argues the Court committed manifest error by concluding that there were no materials that should be produced that were responsive to RFP No. 3. (Mot. for Reconsideration at 2-3.) Plaintiff has not identified any manifest error and does not engage in any meaningful way with the Court's Order on the Motion to Compel. Plaintiff has not shown that there were any materials that should have been produced or how the Court erred.

Plaintiff's Motion for Reconsideration also argues that the Court prevented it from "fairly ventilat[ing] the issues" at summary judgment by denying it access to documents it sought

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE AND MOTION FOR RECONSIDERATION - 3

1   through its Motion to Compel. But without any evidence that the Court erred in denying the

2   Motion to Compel, Plaintiff has not identified any error in the Court's decision on summary

3   judgment.

4         **3.      Consideration of Admissions**

5         Plaintiff states that its motion for partial summary judgment cited to requests for

6   admission that Defendants and the Court did not consider. (Mot. for Reconsideration at 4.) But

7   Plaintiff does not explain how the Court erred with regard to these admissions or how they

8   created a dispute of fact that should have prevented summary judgment in Defendants' favor.

9   Plaintiff's Motion on this issue is unintelligible and does not identify any manifest error in the

10  Court's Order on summary judgment.

11        **4.      Applicable State Law**

12        Plaintiff argues the Court erred by not applying two Washington cases "to the Plaintiff's

13  evidence" and that "[t]his warrants reconsideration, as district courts are bound to apply state law

14  to pendent jurisdiction state law claims." (Mot. for Reconsideration at 4 (citing Ed Nowogroski

15  Ins., Inc. v. Rucker, 137 Wn.2d 426 (1999) and Trost v. Aesthetic Lifetouch, Inc., 151 Wn. App.

16  1002 (2009) (unpublished)).) Plaintiff's argument has no merit. The Court expressly considered

17  and applied the standards set forth in Nowogroski. (Order at 4.) And even though Trost is an

18  unpublished decision, the Court considered and distinguished the facts in this case from Trost.

19  (Order at 6-7.) Plaintiff's argument lacks merit and forms an inadequate basis on which to obtain

20  reconsideration.

21        The Court also finds no merit in Plaintiff's argument that the EEOC Complaint Raquel

22  Sadler filed against it demonstrates that the client list is a protected trade secret. The EEOC

23

24

1   Complaint does not alter the Court's consideration of the evidence and it does not show any

2   manifest error in the Court's Order.

3        **5.**     **Other Concerns**

4        Plaintiff suggests that the Court's decision "effectively strips medical business of their

5   trade secrets rights, if they comply with HIPAA." (Mot. for Reconsideration at 5.) This argument

6   fails to engage with the Court's Order on summary judgment, which turns on the specific,

7   limited facts presented in this case alone. The Court's Order does not rule broadly as Plaintiff

8   suggests, and this argument does not show any manifest error in the Order.

9                         *     *     *

10        The largely untimely Motion for Reconsideration fails to identify any error in the Court's

11   Order on the Motion to Compel or Order on summary judgment. The Court DENIES the Motion.

12                          **CONCLUSION**

13        Plaintiff has failed to demonstrate good cause to allow them to file their untimely Motion

14   for Reconsideration of the Court's summary judgment order. As such, the Court DENIES the

15   Motion for Relief from Deadline. The Court also finds that the Motion for Reconsideration fails

16   to identify any error in the two Orders that Plaintiff attacks. There are no grounds for

17   reconsideration. The Court therefore DENIES the Motion for Reconsideration.

18        In light of this Order and Plaintiff's voluntary dismissal of its only remaining claim (Dkt.

19   No. 97), there remain no live claims in this action. The Court hereby TERMINATES this action

20   and directs entry of separate Judgment. The Court VACATES the trial date and all remaining

21   case deadlines.

22        \\

23        \\

24

The clerk is ordered to provide copies of this order to all counsel.

Dated June 3, 2024.

Marsha J. Pechman
United States Senior District Judge