UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVERSE THERAPY SERVICES PLLC,

　　　　　　　　　Plaintiff(s),

　　　v.

SADLER-BRIDGES WELLNESS GROUP
PLLC, et al.,

　　　　　　　　　Defendant(s).

CASE NO. C23-1239-KKE

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE
COMPLAINT AND DENYING
DEFENDANTS' MOTION TO DISMISS

　　　The Court previously granted partial summary judgment, *sua sponte*, for Defendants on two of three claims brought by Plaintiff. Dkt. No. 86. The claim that survived summary judgment is a state-law tort claim, and the Court denied Defendants' motion to dismiss it for lack of subject-matter jurisdiction, preferring to exercise supplemental jurisdiction over the remaining claim because of "how far along the case is and its proximity to trial." *Id*. at 8.

　　　Plaintiff then requested that the Court either certify the partial summary judgment order for interlocutory appeal, or enter a judgment under Federal Rule of Civil Procedure 54(b) that would permit it to seek immediate appeal. Dkt. No. 87. Plaintiff contended that it was inefficient to proceed to trial on the state-law tort claim, because that claim overlapped with the two claims dismissed via summary judgment, and thus argued that the District Court case should be stayed while it pursued an appeal of the summary judgment order. *Id*. The Court denied that motion, finding that it "runs counter to judicial efficiency to stay every case after the dismissal of a cause

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING
DEFENDANTS' MOTION TO DISMISS - 1

of action and send cases up piece meal to the Ninth Circuit.  Just because Plaintiff is unhappy with the outcome of its summary judgment motion does not create grounds for it to immediately appeal the dismissal of its claims."  Dkt. No. 93 at 3.

Rather than try the state-law tort claim, Plaintiff voluntarily dismissed it under Federal Rule of Civil Procedure 41(a)(1)(A) to streamline its subsequent appeal of the Court's partial summary judgment order.   Dkt. No. 97 (indicating that Plaintiff "desir[ed] to avoid the expense of a trial solely on the third cause of action for intentional interference" and that "Plaintiff intends to seek review of the existing rulings in this case through its motion for reconsideration, and/or appeal to the Ninth Circuit").  Defendants stipulated to that dismissal, and the Court accepted the stipulation.  Dkt. Nos. 97, 98.  The Court entered final judgment for Defendants as to the two trade secrets claims, noting that the third claim had been voluntarily dismissed.  Dkt. No. 105.

Plaintiff then filed a notice of appeal.  Dkt. No. 106.  The Ninth Circuit reversed the Court's grant of partial summary judgment in Defendants' favor.  *See* Dkt. Nos. 86, 108.  The case was then remanded back to this Court, which held a scheduling conference with the parties and set a case schedule.  *See* Dkt. Nos. 111, 116, 117.

On the post-remand deadline set for amending the pleadings, Plaintiff filed a motion for leave to amend the pleadings to restore the state-law tort claim that was previously dismissed.  Dkt. No. 118.  Shortly thereafter, on the same day, Defendants filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that Plaintiff's one federal claim fails and therefore the case should be dismissed.  Dkt. No. 120.

Defendants had previously filed a similar motion to dismiss, which was denied.  *See* Dkt. Nos. 16, 45.  Defendants did not seek reconsideration of the order denying its prior motion to dismiss, nor did Defendants provide any reason why the Court should reconsider an issue previously decided in this litigation.  The Court declines to do so now, under the law of the case

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS - 2

doctrine. *See Stacy v.* Colvin, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). Although Defendants attempt to distinguish the present motion to dismiss from its previous iteration, Defendants made a similar "interstate commerce" argument previously and the Court rejected it. *See* Dkt. No. 16 at 5, Dkt. No. 45 at 5–7. And in so ruling, the Court considered evidence outside the pleadings (Dkt. No. 45 at 6 (citing Dkt. Nos. 29, 30)), which is inconsistent with Defendants' characterization of the prior motion as purely facial as opposed to factual. Dkt. No. 128 at 1. Accordingly, the Court will deny Defendants' motion to dismiss (Dkt. No. 120).

The Court will also deny Plaintiff's motion for leave to amend the complaint to reinstate the tort claim. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, the Court finds that Plaintiff's motion does not serve the ends of justice. Plaintiff voluntarily dismissed its tort claim only after the Court declined to bless Plaintiff's attempts to immediately appeal the partial summary judgment order. Plaintiff's motion to reinstate the dismissed tort claim post-remand reveals that the prior dismissal was a sham. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066 (9th Cir. 2002) (warning that where a party dismisses "some claims without prejudice always presents a possibility that the dismissing party would attempt to resurrect them in the event of reversal[,]" but accepting the dismissal where there is no evidence that the dismissal was intended to manipulate the appellate process). Plaintiff's conduct is inconsistent with the final judgment rule, which requires parties to "raise all claims of error in a single appeal following final judgment on the merits" and "forbids

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS - 3

piecemeal disposition on appeal of what for practical purposes is a single controversy." *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994) (citation modified).

Although Plaintiff emphasizes that its voluntary dismissal of the tort claim was *without* prejudice, and that Defendants stipulated to such a dismissal, that designation does not control here. That the dismissal preserved Plaintiff's ability to re-file does not necessarily mean that it will be permitted to re-file the claim whenever and wherever it chooses. *See, e.g.*, *James*, 283 F.3d at 1066 (explaining that when dismissing a claim without prejudice and then pursuing an appeal as to other claims, "plaintiff assumes the risk that, by the time the case returns to district court, the claim will be barred by the statute of limitations or laches"). Plaintiff's litigation conduct reveals its intent to manipulate appellate jurisdiction via a dismissal to keep the tort claim "on ice while appeal was taken from" what was in actuality "a partial judgment, circumventing the final judgment rule[.]" *Id.*; *see also Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 688 (8th Cir. 1999) ("A plaintiff whose strongest claims have been dismissed in an interlocutory order may expedite appeal by dismissing its remaining claims *with prejudice.* But a dismissal without prejudice, coupled with the intent to refile the voluntarily dismissed claims after an appeal of the interlocutory order, is a clear evasion of the judicial and statutory limits on appellate jurisdiction."). That Plaintiff has not yet had the opportunity to pursue piecemeal appeals (as Plaintiff emphasizes (Dkt. No. 125 at 4)) misses the point and does not justify resurrection of the tort claim at this stage. Accordingly, the Court will exercise its discretion to deny Plaintiff's motion for leave to amend.

Dated this 27th day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS - 4