UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES PLLC, | CASE NO. C23-1239-KKE |
| Plaintiff(s), | ORDER DENYING PENDING MOTIONS |
| v. | |
| SADLER-BRIDGES WELLNESS GROUP PLLC, et al., | |
| Defendant(s). | |

The Court heard oral argument on three motions pending in this case, and explained during the hearing why the motions were denied.  Dkt. No. 143.  The Court issues this order to memorialize its oral rulings on the pending motions.  Dkt. Nos. 129, 130, 133.

## I.   BACKGROUND

Plaintiff Traverse Therapy Services PLLC ("Traverse") is a Washington business offering mental health therapy.  Dkt. No. 29 ¶ 1.  Defendant James Boulding-Bridges ("Bridges") worked for Traverse as a therapist from the summer of 2021 until April 2023.  Dkt. No. 52 ¶ 2.  He then left to start Defendant Sadler-Bridges Wellness Group PLLC ("Sadler-Bridges Wellness"), with another former Traverse employee, Raquel Sadler.  Dkt. No. 54 ¶ 2, Dkt. No. 122 ¶¶ 1–2.

One of Traverse's therapists, Audria Jaggers, joined Sadler-Bridges Wellness in June 2023, and Traverse heard that patients she had treated at Traverse were following her to Sadler-Bridges Wellness.  Dkt. No. 29 ¶ 9.  Another Traverse therapist, Haley Campbell, wrote to her

ORDER DENYING PENDING MOTIONS - 1

approximately 50 Traverse clients from her Traverse email account in July 2023 to inform them of her move to a different (unnamed) practice group, and to invite them to contact her to receive services from her in her new practice. Dkt. No. 55 ¶ 2.

Alleging that Campbell and other Traverse employees coordinated with Sadler Bridges Wellness to solicit Traverse clients away to Sadler-Bridges Wellness (Dkt. No. 1 ¶¶ 4.18–4.20), Traverse filed this suit in August 2023, bringing claims under the federal Defend Trade Secrets Act ("DTSA") and Washington's Uniform Trade Secrets Act ("UTSA"), as well as a claim for intentional interference with a business expectancy claim. Dkt. No. 1. Traverse later voluntarily dismissed the intentional interference claim. Dkt. No. 97.

Traverse filed a motion for summary judgment, which the Court denied and, at the same time, granted summary judgment for Defendants *sua sponte*. Dkt. No. 86. Traverse appealed this order, as well as an order on a discovery issue, to the Ninth Circuit. Dkt. No. 106. The Ninth Circuit reversed the Court's summary judgment order in favor of Defendants, finding that questions of fact exist as to the DTSA/UTSA claims. Dkt. No. 108. The Ninth Circuit also found that to the extent that Sadler-Bridges Wellness had failed to respond to Traverse's requests for admission, the matters were deemed admitted. *Id*. The Ninth Circuit affirmed the Court's denial of Traverse's motion for discovery sanctions, finding "no abuse of discretion in declining to award sanctions pursuant to Rule 37 in light of Traverse's failure to point to any direct evidence of spoliation or bad faith by [Sadler-Bridges Wellness]." *Id*.

After the mandate was entered by the Ninth Circuit, this case was transferred from United States District Judge Marsha Pechman to the undersigned judge and set for trial in May 2026. Dkt. Nos. 110, 117. With trial fast approaching, the parties filed three motions. Dkt. Nos. 129, 130, 133. The Court heard oral argument on all motions, which are denied for the following reasons.

ORDER DENYING PENDING MOTIONS - 2

## II.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Traverse filed a motion for summary judgment arguing that, when Defendants' admissions are accounted for, each element of the DTSA and UTSA claims has been admitted.  Dkt. No. 130.

"To prevail on a misappropriation of trade secrets claim under the [UTSA or DTSA], a plaintiff must demonstrate that (1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions caused or threatened damage to the plaintiff."  *Barrett Bus. Servs., Inc. v. Colmenero*, No. 1:22-CV-3122-TOR, 2026 WL 313474, at *2 (E.D. Wash. Feb. 5, 2026) (citing *Modumetal, Inc. v. Xtalic Corp.*, 425 P.3d 871, 878–79 (Wash. Ct. App. 2018); *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1087 (9th Cir. 2025); 18 U.S.C. §§ 1836(b)(1), 1839(3)–(5)).

The Ninth Circuit found questions of fact existed as to whether Traverse's client list was a trade secret, whether Campbell's email was sent without the consent of Traverse, and whether Defendants knew or had reason to know that the client list was a trade secret.  Dkt. No. 108. Despite this opinion, Traverse's summary judgment motion argues that its client list is a trade secret as a matter of law, by operation of Defendants' admissions.  Dkt. No. 130 at 17–37.  None of the admissions listed in the motion, however, admit that Traverse's client list was a protectible trade secret.  *See id*. at 14–16.  As Judge Pechman previously found, Traverse has failed to show that Defendants' admissions establish the existence of a protectible trade secret.  *See* Dkt. No. 104 at 4.  And the Ninth Circuit has already found material disputes of fact on this threshold issue. Dkt. No. 108.  Accordingly, the Court has no basis to find that Traverse is entitled to judgment as a matter of law on the DTSA/UTSA claims.  Traverse's motion is denied.

ORDER DENYING PENDING MOTIONS - 3

### III.    PLAINTIFF'S MOTION FOR SANCTIONS IS DENIED.

In April 2024, Traverse filed a motion to compel, arguing that Defendants had withheld emails responsive to its discovery requests and requesting the Court impose sanctions for that conduct. Dkt. No. 83. The Court found that Traverse had failed to establish that Defendants had withheld documents, and therefore denied the motion and declined to impose sanctions. Dkt. No. 91. Traverse appealed that order, and the Ninth Circuit affirmed, finding no abuse of discretion in Judge Pechman's denial of the request for sanctions. Dkt. No. 108.

Traverse acknowledges that Judge Pechman "did not take action" with respect to sanctions, and that the Ninth Circuit found no abuse of discretion therein, but nonetheless "seeks 'just orders' under Rule 37 including issue, evidentiary and terminating sanctions, and attorney's fees under Rule 37(c)(1) and (e)." Dkt. No. 133 at 3. Traverse does not request that the Court compel production of any documents, but rather, asks the Court to impose sanctions on Defendants as a result of their discovery misconduct. *See* Dkt. No. 133-1.

Although Traverse correctly notes that discovery rulings are inherently interlocutory, it has provided the Court with no reason to second-guess Judge Pechman's order on the motion to compel or the Ninth Circuit's assessment of that order. The motion is denied.

### IV.    DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS IS DENIED.

Defendants filed a motion styled as a motion for judgment on the pleadings and/or partial summary judgment, asking that the Court declare that this action is "exclusively confined to Traverse's claims arising out of Campbell's July 21, 2023 email to her [approximately 50] clients[,]" rather than expanded to include any other Sadler-Bridges Wellness client previously treated at Traverse. Dkt. No. 129 at 4. But the complaint alleges coordination between Sadler-Bridges Wellness and Traverse therapists and contemplates that additional acts of misappropriation may have occurred, beyond what was known at the time of the filing of the

ORDER DENYING PENDING MOTIONS - 4

complaint.  *See* Dkt. No. 1 ¶¶ 2.7, 4.18.  Traverse's complaint noted that although it did not have any evidence of other incidents of trade secret misapropriation at that time, other than the incidents related to Jaggers and Campbell, it intended to amend the complaint if it became aware of other Defendants.  *Id*.

Defendants' motion is denied because it is a motion in limine in disguise.  One of the Defendants is the Sadler-Bridges Wellness as an entity, and therefore evidence of coordinated misappropriation between the practice group and non-Defendant therapists is not outside the bounds of the issues presented in the complaint.  Whether Traverse may present evidence to support its allegations is not an issue of pleadings or judgment (as in Defendants' motion), it is an issue of relevance (as in a motion in limine), and this issue can be considered then, but the motion in its current framing is denied.

### V.    THE COURT HAS SUBJECT MATTER JURISDICTION.

Under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action … if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1).  Defendants' opposition to Traverse's summary judgment motion argues that the Court lacks subject matter jurisdiction here because Traverse has failed to show an adequate nexus between interstate commerce and the therapy services Defendants provided to clients, as required by 18 U.S.C. § 1836(b)(1).  Dkt. No. 140 at 3–5.  Defendants previously presented this argument to Judge Pechman, who found (in denying Defendants' motion to dismiss) that the because the complaint alleges that Traverse and Defendants billed out-of-state insurers to pay for their clients' therapy services, this allegation sufficiently connected the therapy services with interstate commerce.  *See* Dkt. No. 45 at 6.

The Court finds no reason to depart from this reasoning at the summary judgment stage. Traverse has presented undisputed evidence as to its billing of out-of-state insurers.  *See* Dkt. No.

ORDER DENYING PENDING MOTIONS - 5

29 ¶ 6. This connection between the services at issue and interstate commerce sufficiently creates a nexus to satisfy 18 U.S.C. § 1836(1). *See, e.g., Gordon Grado M.D., Inc. v. Phoenix Cancer & Blood Disorder Treatment Inst. PLLC*, 603 F. Supp.3d 799, 808–09 (D. Ariz. 2022) (reasoning that because courts hold in other contexts that "accepting payment from Medicare constitutes an act in interstate commerce" such a billing practice as to patients solicited away from a practice group supports the conclusion that the interstate commerce requirement of the DTSA is satisfied (citing *Wound Care Concepts, Inc. v. Vohra Health Servs., P.A.*, No. 19-62078-CIV-SMITH, 2022 WL 320952, at *12 (S.D. Fla. Jan. 28, 2022))). That the *Gordon Grado* plaintiffs alleged that patients' insurance information in addition to contact information had been misappropriated is irrelevant because the Court's interstate-commerce inquiry is whether the *services* at issue moved in interstate commerce, not whether allegedly misappropriated trade secrets did. *See* 18 U.S.C. § 1836(b)(1). And even if *Gordon Grado* provides only limited support for the Court's conclusion (as Defendants argue (Dkt. No. 128 at 5)), Defendants have cited no authority to the contrary. Because the therapists in this litigation routinely billed out-of-state insurers to pay for the services rendered, the Court finds that the therapy services at issue in this litigation move in interstate commerce and that 18 U.S.C. § 1836(b)(1) is therefore satisfied.

## VI.    CONCLUSION

For these reasons, the Court DENIES the pending motions. Dkt. Nos. 129, 130, 133.

Dated this 20th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING PENDING MOTIONS - 6