UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVERSE THERAPY SERVICES PLLC, | CASE NO. C23-1239-KKE |
| Plaintiff(s), | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| SADLER-BRIDGES WELLNESS GROUP PLLC, et al., | |
| Defendant(s). | |

Defendants filed a motion for reconsideration of the Court's order that rejected their challenge to the existence of subject matter jurisdiction. Dkt. Nos. 144, 145. Defendants contend that the Court erred in finding subject matter jurisdiction, citing an unpublished order granting an unopposed motion to dismiss in a District of Hawaii matter that was not previously brought to the Court's attention. *See* Dkt. No. 145 at 4–5 (citing *DLMC, Inc. v. Flores*, No. 18-00352 DKW-RT, 2019 WL 309754 (D. Haw. Jan. 23, 2019)).

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).

> A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a

ORDER DENYING MOTION FOR RECONSIDERATION - 1

previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

*Nelson v. Thurston County*, No. C18-5184 RBL, 2019 WL 1489134, at *1 (W.D. Wash. Apr. 3, 2019).

Here, even assuming that *DLMC* lends support to Defendants' position, it is not binding on this Court and does not demonstrate manifest error in the Court's prior ruling. As noted, the motion to dismiss for lack of subject matter jurisdiction in *DLMC* was unopposed, and the court further found that plaintiff's complaint failed to identify any nexus between interstate commerce and plaintiff's services. *See* 2019 WL 309754, at *2. Here, the interstate commerce nexus is pleaded in the complaint, and the subject matter jurisdiction issue is vigorously contested and has been briefed numerous times. Multiple courts have either explicitly found that or assumed that subject matter jurisdiction exists here. Because Defendants have failed to establish that reconsideration of its ruling on subject matter jurisdiction is warranted, the Court DENIES the motion for reconsideration. Dkt. No. 145.

Dated this 27th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2